IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTONIO WARD				:
						:
	v.					:	CIVIL NO. CCB-13-2584
						:	Criminal No. CCB-12-0362
UNITED STATES OF AMERICA	:
					...o0o...

# **MEMORANDUM**

Federal prison inmate Antonio Ward pled guilty to unlawful possession of ammunition in violation of 18 U.S.C. § 922(g)(1) on July 20, 2012. The plea was entered pursuant to Fed. R. Crim. P. 11(c)(1)(C), under which the defendant and the government agreed to a recommendation of 120 months incarceration. This recommendation was accepted by the court, and on September 20, 2012, Ward was sentenced to 120 months in the custody of the Bureau of Prisons. (Judgment, ECF No. 27). All other counts were dismissed. No appeal was taken.

On September 5, 2013, Ward filed the present motion to vacate under 28 U.S.C. § 2255, which is timely. He challenges the "enhancement" of his sentence to the maximum of 120 months, which was above the advisory guidelines for Count One, and asserts that counsel was ineffective for failing to challenge the sentence. For the reasons explained below, his motion will be denied.

First, to the extent Ward raises a direct challenge to his sentence, the motion is barred by the waiver of appeal contained in his signed plea agreement and explained to him on the record at the Rule 11 guilty plea proceeding. (Gov't Resp. Ex. A at 9, ECF No. 38-1; Gov't Resp. Ex. B at 19-20, ECF No. 38-2). In any event, the sentence was not "enhanced." The maximum penalty for a violation of 18 U.S.C. § 922(g)(1), without any enhancement, is 120 months. The guidelines, properly calculated at 78 to 97 months, only are advisory after *United States v.*

*Booker*. 543 U.S. 220, 245 (2005). There was no increase to the sentence, and the decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), relating to mandatory minimums, is not applicable to Ward's sentence.

Second, counsel was not ineffective for failing to challenge the sentence. To the contrary, counsel negotiated an agreed-upon disposition significantly more favorable than if Ward had not accepted responsibility and had been convicted of the narcotics as well as the firearms charges. (Govt' Resp. Ex. B at 21-22; Gov't Resp. Ex. C at 7-8, 19, 28, ECF No. 38-3). As explained to Ward directly by the court, his sentence was not controlled simply by the guidelines on Count One. (Gov't Resp. Ex. C at 10-13, 25-26). Counsel was not deficient in his performance, nor has Ward shown any prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Finally, Ward has not raised any arguments that would justify a certificate of appealability under 28 U.S.C. § 2253(c). A separate Order follows.

December 31, 2013                                                  /s/
      Date                                                          Catherine C. Blake
                                                                    United States District Judge